UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT BANKS, :
:
    Petitioner :
: CIVIL NO. 4:CV-07-1974
v. :
: (Judge Jones)
CHESTER COUNTY, *et al.* :
:
    Respondents :

## MEMORANDUM

November  /  , 2007

Before the Court is Petitioner Robert Banks' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Petitioner has filed his petition in an improper venue, the Court will order this action transferred to the United States District Court for the Eastern District of Pennsylvania

I.    BACKGROUND

Banks is an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania ("SCI-Fayette"), which is located in the Western District of Pennsylvania. On October 29, 2007. Banks filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to

proceed *in forma pauperis*. Banks states that he pled guilty to burglary charges in the Chester County Court of Common Pleas. On or about April 12, 1996, he was sentenced to a two and one-half to five year term of incarceration. Banks' petition challenges the legality of his Chester County guilty plea on the grounds that: (1) he received ineffective assistance of counsel; (2) he was denied his right of appeal; and (3) the prohibition against double jeopardy was violated.

## II. DISCUSSION

Under 28 U.S.C. § 2241(d), a person in custody of a state in which there are two or more federal judicial districts may file an application for a writ of habeas corpus either in the district where he is incarcerated or in the district where he was convicted and sentenced. In this case, Banks is presently confined in SCI-Fayette, which is located in the Western District of Pennsylvania. Banks' petition challenges a conviction and sentenced imposed by the Chester County Court of Common Pleas, which is located in the Eastern District of Pennsylvania. Because Banks is not confined within this district and his conviction did not occur in this district, this Court lacks jurisdiction over his petition.

Pursuant to 28 U.S.C. § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of

justice may transfer the application to the other district court for hearing and determination." Further, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant § 1404(a). *In re Nwanze*, 242 F.3d 521, 526 n.2 (3d Cir. 2001) ("We are satisfied that section 1404(a) applies to transfers of habeas corpus petitions").

In this case, because the records and witnesses involved in Banks' conviction and sentence are located in the Eastern District of Pennsylvania, it would be prudent to transfer this action to the United States District Court for the Eastern District of Pennsylvania pursuant to § 2241(d) and § 1404(a). An appropriate order will enter.